UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO. 1:15-CR-00012-GNS

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.

RODNEY EARL STAPLES                                                                   DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a Motion to Revoke Detention Order (DN 70) filed by Defendant Rodney Earl Staples. The motion has been fully briefed and is ripe for adjudication. For the following reasons, Defendant's motion is **DENIED**.

### I.     BACKGROUND

On May 20, 2015, a federal grand jury returned a single-count indictment charging Defendant Rodney Staples ("Staples") with being a felon in possession of numerous firearms in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). (Indictment, DN 1). Staples initially appeared before United States Magistrate Judge H. Brent Brennenstuhl on June 10, 2015, and was released from custody on an appearance bond. (Order, DN 8). Staples' release was subject to various conditions, including that he was not to use or unlawfully possess narcotics and was required to submit to testing for prohibited substances. (Order 3-4).

On January 25, 2017, Magistrate Judge Brennenstuhl entered a sealed order authorizing Staples' arrest for violating conditions of his bond. (Sealed Orders, DN 52-53). Following Staples' arrest, the Magistrate Judge conducted a bond revocation hearing on January 26, 2017. During the hearing, the United States called the supervising United States

Probation Officer as a witness. The Probation Officer testified that when he went to Staples' home and knocked on the front door Staples fled out of the back door into a wooded area. (Tr. 11:55:58). The next day Staples voluntarily reported to his probation officer and was given a drug test. (Tr. 12:01:38). The urine sample indicated a presumptive positive for methamphetamine use. (Tr. 12:01:07). Magistrate Judge Brennenstuhl concluded that Staples had violated the conditions of his release by clear and convincing evidence and that Staples was unlikely to abide by any condition or combination of conditions imposed upon his release. (Detention Order, DN 59; Tr. 12:17:30). Consequently, Magistrate Judge Brennenstuhl revoked the earlier bond, entered an Order of Detention, and remanded Staples to the custody of the United States Marshals Service. (Detention Order).

Defendant now asks the Court, pursuant to 18 U.S.C. § 3145(b), to conduct its own detention hearing and revoke the detention order. (Def.'s Mot., DN 70).

## II. **STANDARD OF REVIEW**

When a magistrate judge orders pretrial detention, the detainee "may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). While the Sixth Circuit has not adopted a specific standard of review, this Court uses a *de novo* standard of review. *United States v. Goodwin*, No. 3:15-CR-101-DJH, 2015 WL 6386568, at *2 (W.D. Ky. Oct. 21, 2015). This Court has previously "chosen not to hold new hearings when the moving party asked for revocation based on the same evidence presented to the magistrate judge." *Id.* (citing *United States v. McGowan*, No. 5:13-123, 2013 WL 5743912, at *1 (E.D. Ky. Oct. 23, 2013)). In their filings with the Court, neither Staples nor the government discusses any evidence that has not already been presented

or filed in the record. (Def.'s Mot.; Pl.'s Resp, DN 73). Accordingly, the Court finds that an additional hearing is not necessary.

Under 18 U.S.C. § 3148(a), "[a] person who has been released under section 3142 . . . and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and prosecution for contempt of court." Once charged with violating a condition of release, the person is brought before a judicial officer in the district in which such person's arrest was ordered. 18 U.S.C. § 3148(b). An order of revocation and detention shall be entered if the judicial officer:

> (1) finds that there is ... (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) finds that—
>
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>
> (B) the person is unlikely to abide by any condition or combination of conditions of release.

*Id*. Accordingly, there is a two-step process to determine whether revocation of a pretrial release is proper. First, the Court must find that there is clear and convincing evidence that a violation of conditions of release has occurred. 18 U.S.C. § 3148(b)(1). Second, the Court must determine whether: "(A) [T]here is no condition . . . of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or (B) the person is unlikely to abide by any conditions of release." 18 U.S.C. § 3148(b)(2).

## III. DISCUSSION

### A. Condition Violations

The Court must first decide whether there is clear and convincing evidence that Staples violated the conditions of his release. 18 U.S.C. § 3148(b)(1). Magistrate Judge Brennenstuhl found that Staples had violated a condition of his pretrial release because there was clear and convincing evidence that Staples fled from his probation officer and later tested positive for methamphetamine. (Tr. 12:17:30).

The Court agrees with the Magistrate Judge that the record clearly and convincingly establishes Staples violated a condition of his release. As a condition of his release, Staples was "not [to] use or unlawfully possess a narcotic drug or other controlled substances . . . ." (Order 4). At the hearing, Staples' Probation Officer testified that Staples' drug test results indicated use of methamphetamine. (Tr. 12:17:30). In fact, Staples admitted to using methamphetamine. (Tr. 12:44:42).

### B. Review of Revocation of Release

Next, the Court must determine whether it was proper to revoke Staples' pretrial release. 18 U.S.C. § 3148 directs the Court to look to whether "the person is unlikely to abide by any condition or combination of conditions of release." Magistrate Judge Brennenstuhl determined that Staples was unlikely to abide by the conditions of his release and that ". . . no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community . . . ." (Tr. 12:17:30). Magistrate Judge Brennenstuhl emphasized that Staples did not submit to a drug test voluntarily, but only after "the jig was up and he had no other alternative." (Tr. 12:17:30).

Staples contends that his showing of a stable residence in the Western District of Kentucky, substantial ties to the community, and his lengthy compliance with the conditions of his pretrial release rebut the Magistrate Judge's finding. Staples further urges that his one day of non-compliance should not disqualify him from release on pretrial supervision.

The Court finds Staples' mitigating reasons unconvincing. Staples argues that he only failed a drug test because of his one-day conduct, but this was after he evaded his probation officer for 3-4 months. (Tr. 12:04:34). *See also United States v. Crane*, No. 5:15-005-DCR, 2015 WL 4424957, at * 4 (E.D. Ky. July 17, 2015) ("'[M]inimal' use does not remove the fact that *any* use violates the conditions of [defendant's] release."). Additionally, his stable residence and substantial ties to the community do not indicate that he will likely abide by the conditions imposed upon his release in the future, as he violated those conditions while present in the Western District of Kentucky. Therefore, the Court holds that Staples has not sufficiently demonstrated that he is likely to continue to abide by the conditions of his pretrial release. Consequently, Staples' motion will be denied.

### IV. CONCLUSION

For the forgoing reasons, **IT IS HEREBY ORDERED** that the Motion to Revoke Detention Order (DN 70) filed by Defendant Rodney Earl Staples is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**

June 15, 2017

cc: counsel of record